TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-03-00437-CV






Marlon Torres, Appellant


v.


Marilyn Roth, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT

NO. GN201553, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N



 Appellant Marlon Torres filed his notice of appeal in this cause in July 2003, and both
parties filed their briefs in August 2003. Also in August, appellee Marilyn Roth filed a motion to
dismiss, contending the appeal was mooted by the trial court's granting of summary judgment in her
favor. Torres objected, asking that this appeal be consolidated with the appeal he intended to file
from the summary judgment. On October 2, 2003, we abated this appeal for ninety days, requesting
a status report from the parties. In December 2003, Torres filed a status report stating that although
the trial court had granted summary judgment in favor of Roth, Roth's counterclaims remained
pending and, therefore, the summary judgment was not yet final and appealable. Torres informed
this Court that he had sought to have the summary judgment severed into a separate cause, rendering
it final, but that when Roth objected to the severance, the trial court denied Torres's severance
request. A trial on Roth's counterclaims was originally set for January 2004, but Roth, over Torres's
objections, sought and was granted a continuance of that trial setting until late March 2004. Torres
requested that this Court continue the abatement until the trial court rendered a final judgment. We
continued the abatement until April 2004, again requesting a status report.

 In late March 2004, Torres filed another status report, informing this Court that the
trial setting had been delayed again until December. Torres requested that the abatement be
continued, Roth did not object, and the Court granted Torres's request, continuing the abatement
until January 2005, and in January, after receiving another status report, we again continued the
abatement until July 2005. In July, Torres filed a report stating that nothing had occurred at the trial
level and that the only outstanding claims are those belonging to Roth. Torres has requested that this
Court extend the abatement for another nine months. In August, this Court received notice that Roth
had obtained new counsel.

 This appeal has been pending in abatement for more than two years, with no sign of
an end. We therefore dismiss the appeal as moot and will await the appeal from a final judgment.



 __________________________________________

 David Puryear, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Dismissed as Moot

Filed: November 10, 2005